IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS DEUTSCHLAND GMBH, and SANOFI WINTHROP INDUSTRIE, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK SHARP & DOHME CORP., <br><br> Defendant. | C.A. No. 16-812-RGA-MPT |

**PLAINTIFFS' MOTION TO EXTEND TECHNICAL EXPERT REPORT DEADLINES**

Pursuant to Federal Rule of Civil Procedure 6(b), Plaintiffs respectfully request that the Court extend the deadlines for the parties' to serve expert reports on patent infringement and invalidity by sixty days, and to adjust subsequent deadlines accordingly.   This request will allow for the parties to maximize efficiencies for expert discovery as set forth herein.

1.      In the original scheduling order for this case, the Court set, *inter alia*, a claim construction hearing for August 21, 2017, the deadline for service of expert reports on infringement and invalidity for December 14, 2017, February 1, 2018, and March 1, 2018, and a bench trial for May 29, 2018.  (D.I. 17 ¶¶ 9, 11, 16.)

2.      On April 5, 2017, the Court entered an order granting the parties' joint stipulation to modify claim construction deadlines and rescheduled the claim construction hearing for September 20, 2017.  (D.I. 56.)

3.      On September 18, 2017, the Court continued the September 20, 2017 claim construction hearing and rescheduled the proceeding for a date to be determined.  (D.I. 136.)

4.      On November 6, 2017, the Court held the claim construction hearing.  (*See* D.I. 164.)  At the claim construction hearing, the parties discussed with the Court the prospect of

reducing the number of asserted claims and prior art invalidity references.  (*Id.* at. 148)  On

December 15, 2017, Plaintiffs notified the Court that they had reduced the number of asserted

claims by two-thirds and had dropped a device patent.  (D.I. 169.)  Defendant Merck Sharp &

Dohme Corp. ("Defendant") has not yet reduced the number of asserted prior art references upon

which it relies for its invalidity defenses.

5.      At the claim construction hearing, Plaintiffs also stated that there were upcoming

deadlines for expert reports and that it made sense to extend the deadlines to give the Court a

chance to issue its claim construction order before expert reports were due.  (D.I. 164 at 149-50.)

Although Merck stated that an extension was not necessary for purposes of having the claim

construction order issue before expert reports were due, the parties agreed to a 30 day extension

of the expert reports.  On November 7, 2017, the Court so-ordered the parties' stipulation to

further amend the scheduling order, and extended to January 16, 2018 the parties' deadlines to

serve opening expert reports on infringement and invalidity.  (D.I. 161.)  Rebuttal reports are due

on February 13, 2018 and reply reports are due on March 13, 2018.  (*Id*.)

6.      The Court has not yet issued its claim construction order.  Plaintiffs seek a further

sixty day extension on deadlines for service of expert reports because the claim construction

ruling is very likely to have an effect on Plaintiffs' theories of infringement concerning the

patents-in-suit, the number of asserted claims, Defendant's selection of prior art invalidity

references, and Defendant's affirmative defenses.  Accordingly, Plaintiffs ask this Court to

modify the current schedule concerning infringement and invalidity expert reports, and all

subsequent dates.

7.      If the Court grants Plaintiffs' motion, Plaintiffs will be able to further limit the

number of patents-in-suit and asserted claims addressed in the expert reports.  Defendant also

will be able to narrow its asserted prior art invalidity references and invalidity defenses.  Such an extension will also eliminate the need for the parties to serve expert reports with alternative positions under the various competing asserted claim constructions, and will also avoid the need for the service of supplemental expert reports after a claim construction order issues.  In addition to being more efficient, avoiding supplemental expert reports would eliminate unnecessary challenges in the current schedule, which already has compressed expert discovery and pretrial submissions.

8.      Plaintiffs requested modification would allow for the parties to maximize efficiencies for expert discovery as set forth above.  As a result, good cause exists for further modification of the Court's scheduling order, as modification is likely to narrow the parties' issues in dispute.

9.      If granted, Plaintiffs' requested modification to the schedule will necessitate extending the remainder of the schedule, including the trial date.[1]  Fortunately, the 30-month stay does not expire until February 8, 2019.  If the Court's schedule allows for a trial date between July 30, 2018 and the end of September (about five to seven months before the expiration of the 30-month stay), there would be more than adequate time to accommodate post-trial briefing and a final decision prior to the expiration of the 30-month stay.[2]  Therefore, a schedule that allows expert reports to incorporate the claim construction order in the first instance would provide the efficiencies discussed above and would outweigh any prejudice to Defendant in moving the trial date.

---

[1]  The current schedule includes quickly approaching deadlines for completion of expert discovery and pretrial submissions.  In particular, the remaining schedule is as follows: completion of expert depositions by April 13, 2018, *Daubert* motions to be submitted to the Court by May 3, 2018, proposed pretrial order to be submitted to the Court by May 15, 2018 at 5 pm ET, and the pretrial conference is scheduled for May 15 at 8:30 am ET.

[2] Plaintiffs initially proposed a trial date in September 2018 in this matter.  (D.I. 12.)

10.     Plaintiffs respectfully ask the Court to adopt the schedule in the proposed form of order.

11.     Pursuant to District of Delaware Local Rule 7.1.1, Plaintiff attempted to obtain Defendant's consent to this Motion, but Defendant declined to agree.

By: */s/ Ronald P. Golden III*

*Of Counsel:*                    Douglas E. McCann (#3852)
                                 Martina Tyreus Hufnal (#4771)
BOIES SCHILLER FLEXNER LLP       Kelly Allenspach Del Dotto (#5969)
D. Michael Underhill             Ronald P. Golden III (#6254)
Jon R. Knight                    222 Delaware Avenue, 17th Floor
5301 Wisconsin Ave, Suite 800    P.O. Box 1114
Washington, DC 20015             Wilmington, DE 19899-1114
(202) 237-2727                   (302) 652-5070
munderhill@bsfllp.com;           dmccann@fr.com; hufnal@fr.com;
jknight@bsfllp.com               kad@fr.com; golden@fr.com

William D. Marsillo              John S. Goetz
Alex Potter                      Brian D. Coggio
333 Main Street                  601 Lexington Avenue - 52nd Floor
Armonk, NY  10504                New York, New York 10022
(914) 749-8200                   (212) 765-5070
wmarsillo@bsfllp.com;            goetz@fr.com; coggio@fr.com
apotter@bsfllp.com

Bill Ward, Ph.D.                 Ahmed J. Davis
Martin Ellison                   Min Woo Park
401 Wilshire Blvd, Suite 850     Sarah M. Cork
Santa Monica, CA 90401           901 15th Street, N.W., 7th Floor
(310) 752-2400                   Washington, DC 20005
bward@bsfllp.com;                (202) 783-5070
mellison@bsfllp.com              davis@fr.com; mwpark@fr.com;
                                 cork@fr.com

                                 Matt Colvin
                                 1717 Main Street - Suite 5000
                                 Dallas, TX 75201
                                 (214) 747-5070
                                 colvin@fr.com

**ATTORNEYS FOR PLAINTIFFS/COUNTERCLAIM DEFENDANTS SANOFI-AVENTIS U.S. LLC,
SANOFI-AVENTIS DEUTSCHLAND GMBH, AND SANOFI WINTHROP INDUSTRIE**

Dated:  January 8, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS DEUTSCHLAND GMBH, and SANOFI WINTHROP INDUSTRIE, | |
| Plaintiffs, | C.A. No. 16-812-RGA-MPT |
| v. | |
| MERCK SHARP & DOHME CORP., | |
| Defendant. | |

**PROPOSED ORDER**

The Court having considered Plaintiffs' Motion to Extend Expert Report Deadlines (the "Motion"), and good cause under Federal Rule of Civil Procedure 6(b) appearing therefore;

IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED, and the Scheduling Order is modified as follows:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Infringement/Invalidity Opening Expert Report | January 16, 2018 | March 16, 2018 |
| Infringement/Invalidity Rebuttal Expert Report | February 13, 2018 | April 14, 2018 |
| Infringement/Invalidity Reply Expert Report | March 13, 2018 | May 14, 2018 |
| Infringement/Invalidity Expert Depositions Cutoff | April 13, 2018 | June 12, 2018 |
| *Daubert* Motions | May 3, 2018 | July 2, 2018 |
| Proposed Pretrial Order | May 15, 2018 by 5:00 p.m. | July 16, 2018 |
| Pretrial Conference | May 18, 2018 at 8:30 a.m. | TBD on a date after July 19, 2019 |
| Trial | May 29, 2018 at 8:30 a.m. | Between July 30, 2018 and the end of September 2018,subject to the Court's availability |

_____
UNITED STATES DISTRICT JUDGE